### AARON F. COREY, ADMR., v. HANNAH HAYES.

1. DECEDENT'S DEBTS BECOME A FIRST LIEN ON HIS REAL ESTATE.

   The debts of a decedent and all proper charges and allowances, in the absence of sufficient personal property for their payment, become a first lien on his real estate, prior to the rights of heirs or legatees, and whatever right or title descends to them is encumbered by and subject to this lien.

2. SUBROGATION BY OPERATION OF LAW.

   Subrogation by operation of law takes place whenever one person, not primarily liable and not a volunteer merely, becomes liable for, and pays a debt which is a first lien on real estate, and on which others, as heirs and owners of the real estate, by inheritance, are also bound.

3. DECEDENT'S WIDOW SUBROGATED TO THE RIGHTS OF THE ADMINISTRATOR, WHEN.

   Where an administrator institutes a proceeding to sell the real estate of the decedent to pay all proper charges and allowances, and the widow having a dower interest in such real estate gives a bond properly executed under the provisions of section 6146, Rev. Stat., for the purpose of avoiding the sale of such real estate, and afterwards pays to the administrator the amount of all valid claims and debts of the decedent: *Held*, that such widow is not a mere volunteer, but is personally and directly interested in the real estate, and is therefore entitled to stand in the place of the administrator with respect to a lien against the real estate of the decedent, to the end that she be saved from any loss and the debts fully discharged from the rightful source.

ERROR to the Court of Common Pleas of Henry county.

The original proceeding was in partition. The prayer of the petition was for partition of the real estate of Thomas B. Hayes, deceased, between those entitled, and the assignment of dower to his widow, Hannah Hayes. The widow made answer, waiving dower interest in money. Such proceedings were had that the lands were sold, free of dower, for the sum of $7,030.00, and the question which is brought here arises on the distribution of the proceeds of the sale among the various persons entitled.

The defendant, Hannah Hayes, having obtained leave, filed a supplemental answer, or cross-petition, setting up, substantially, the following facts: That Thomas B. Hayes, deceased, left the real estate described in the petition, and very little personal property, and an indebtedness of more than $700.00; that the personal property was wholly insufficient to pay the debts, allowance to the widow, and charges of administration. That A. F. Corey, as administrator, had commenced an action in the probate court of Henry county, the purpose of which was to procure an order to sell the said real estate to pay the debts, allowance to the widow for support, and charges of administering the estate; that in order to avoid the necessity of such sale, defendant, with Belle Hayes and two others, as sureties, under the provisions of section 6146, Revised Statutes, gave a bond to the said administrator, in the sum of $1,500.00, conditioned for the payment of such debts, allowance and charges; that said bond was approved, with the sureties, by the probate court, and the administrator withdrew his application for an order of sale, and none was made; that by the giving of said bond she became liable for the payment of said debts, charges, etc., and subsequently, in good faith, as required by the conditions of the said bond, she paid to said administrator, in satisfaction of all the valid claims and debts of said estate, the sum of $762.29, for which she produces and annexes to her answer, the receipt of the administrator. She further shows the lands have been sold, and the proceeds are in the court for distribution according to the rights and priorities to be determined, and her prayer is, that she be subrogated to the rights of the administrator in the fund arising from said sale, and that she be reimbursed from said fund.

A demurrer to this supplemental pleading was overruled, and there being no wish to further plead, the court of common pleas entered judgment on the demurrer, decreeing subrogation, and ordering the said sum of $762.29 paid to her out of the proceeds of said sale. This action of the court is complained of, and a proceeding in error is instituted to procure a reversal.

DAY, J.

The only question presented is as to the propriety of the holding and judgment of the court on the demurrer, and is: Do the facts stated in the supplemental pleading entitle Mrs. Hayes to be considered in place of the administrator and subrogated to his rights?

It seems quite obvious this question should be answered in the affirmative. Under the law, the debts of a decedent and all proper charges and allowances, in the absence of sufficient personal property for their payment, become a first lien on his real estate, prior to the rights of heirs or legatees, and whatever right or title descends to them, is encumbered by and subject to this lien. No substantial estate vests in the heir

or legatee until the valid debts and all proper allowances and the charges of administration are provided for; and, if necessary, an executor or administrator may even divest the heir of title absolutely, by a sale for this purpose. A proceeding having for its purpose such a sale, was instituted in this case by the administrator when the widow, Mrs. Hayes, and one or more of the heirs, for the purpose of obviating the necessity of a sale under the express provisions of the statute, intervened and in effect, in law and equity, became sureties for the payment of such debts and charges, and as such surety the defendant in error paid them in full to the administrator. She was not a mere volunteer in the matter, as urged by counsel in argument, but was personally and directly interested in the real estate, and the heirs as well, and what she did was for her own and their benefit. It would seem that she ought to be saved from any loss on account of her good offices in their behalf, and if the law will not afford relief, that now, if ever, is a fitting and proper occasion for the application of the equitable principle of subrogation. Subrogation, it is said, is a doctrine of equity, and was invented for the express purpose of aiding and helping out where the law would be insufficient and unable to accomplish exact justice, and takes place by operation of law, whenever one person, not primarily liable and not a volunteer merely, becomes liable for and pays a debt which is a first lien on real estate, and on which others, as heirs and owners of the real estate, by inheritance, are also bound. As we have seen, Mrs. Hayes was not a volunteer. She was interested in the property and in the heirs, and presumably for the good of all concerned, she became liable for all the debts, for which the heirs through the property, were also bound. She became so bound with the heirs, and in virtue of the condition of the bond, paid their debt out of her own means to the administrator, who had the right to enforce the lien against the real estate. She is entitled to stand in the place of the administrator with respect to a lien against the real estate of the decedent, to the end that she may be saved from loss and the debts fully discharged from the rightful source.

The administrator, the debts being otherwise unprovided for, under the provisions of section 6173, Revised Statutes, might come into a partition proceeding and have an order of the court requiring a sufficient amount of the proceeds of a sale in partition, paid to him to discharge the debts of the decedent; and it does not seem to us to be at all a violation of either the spirit or letter of that law, to allow a widow, who, being interested and liable, furnishes the administrator the wherewithal to pay, to come into court in a similar way and be reimbursed and made whole for her outlay.

We find there was no error and the judgment is affirmed.

*Cahill & Donovan*, for Plaintiff.

*Martin Knupf*, for Defendant.